NOT FOR PUBLICATION

> **DISTRICT COURT OF THE VIRGIN ISLANDS**
> **DIVISION OF ST. THOMAS AND ST. JOHN**
> **APPELLATE DIVISION**

| | |
|---|---|
| IRA FRANK, KENNETH DREW, RICHARD CORNELL, NICHOLAS GOODPASTER et al. | ) ) D.C. Civ. App. No. 2006-212 |
| Appellants, | ) Super. Ct. No. 574/2005 |
| v. | ) |
| JOHN ENRIETTO and MARK FARRELL | ) |
| Appellees. | ) |

On Appeal from the Superior Court of the Virgin Islands,
The Honorable Rhys S. Hodge, presiding

Considered: October 15, 2010
Filed: October 31, 2013

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands and **RAYMOND FINCH**, Judge of the District Court of the Virgin Islands.[1]

ATTORNEYS:

Pamela L. Colon, Esq.
St. Croix, U.S.V.I.
    *For the Appellants,*

John H. Benham, Esq.
St. Thomas, U.S.V.I.
    *For the Appellees.*

---

[1] While Judge Daryl D. Donohue, Sr., of the Superior Court of the Virgin Islands, sat on the panel that considered this matter, he retired before the decision was issued.

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 2

## MEMORANDUM OPINION

**PER CURIAM,**

Appellants Ira Frank ("Frank"), Kenneth Drew ("Drew"), Richard Cornell ("Cornell"), Nicholas Goodpaster ("Goodpaster"), and Peter Davitt ("Davitt") are members of the board of directors for Bluebeard's Castle Hilltop Villas Condominium Association. They appeal the Superior Court of the Virgin Islands declaratory judgment in favor of John Enrietto and Mark Farrell. For the reasons given below, the Court will affirm the Superior Court judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Bluebeard's Castle Hilltop Villas Condominium Association ("Association") held an election of its board of directors in October 2005. John Enrietto and Mark Farrell each sought election to the Association's board. They each lost the election. Frank, Drew, Cornell, Goodpaster, and Davitt were elected instead.

Following their defeat, Enrietto and Farrell learned that the votes for the election had not been tabulated according to the method of "one-unit, one vote" prescribed by the Association by-laws. Under a one-unit, one vote regime, each apartment owner

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 3

who owns a whole unit has one vote. Further, owners who own weekly timeshare units receive 1/52 of a vote.

Instead of applying the one-unit one vote method, the votes were calculated on a percentage voting system in accordance with the Virgin Islands Condominium Act ("VICA"), Title 28, Chapter 33, Section 910(6).[2] Enrietto and Farrell requested access to the ballots, proxies, and election records. Their request was denied.

Enrietto and Farrell then filed a two count complaint against Ira Frank, Kenneth Drew, Richard Cornell, Nicholas Goodpaster, and Peter Davitt. Count I sought a declaration as to the proper method of tabulating votes. Count II sought access to the ballots and voting records.

The Superior Court entered judgment in favor of Enrietto and Farrell on Count I of their complaint. The Superior Court held that the by-laws controlled, and ruled that the votes in the October 2005 election had been incorrectly tabulated.

Regarding Count II, the Superior Court dismissed Enrietto and Farrell's claim for access to the election records. The Superior Court held that Count II was mooted by the court's ruling on Count I of the complaint.

---

[2] Title 28, Chapter 33, Section 910(6) states, "(6) Value of the property and of each apartment, and the percentage of undivided interest in the common areas and facilities appertaining to each apartment and its owner for all purposes, including voting." V.I. Code Ann. tit. 28 § 910(6).

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 4

Subsequently, Enrietto and Farrell moved to have the Superior Court alter or amend the judgment regarding Count II. Frank, Drew, Cornell, Goodpaster, and Davitt moved to have the Superior Court reconsider its judgment on Count I of the complaint. The Superior Court denied both motions.

Presently, Frank, Drew, Cornell, Goodpaster, and Davitt appeal the Superior Court's declaratory judgment. The issues on appeal are: 1) whether the Superior Court erred in determining that the October 2005 election should have been tabulated using the one-unit one vote method; and 2) whether the Superior Court erred when it determined that the Bluebeard's Castle Condominium's Declaration and By-laws did not conflict with the VICA.

## II.   JURISDICTION AND STANDARD OF REVIEW

### A.   Jurisdiction

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* V.I. ANN. CODE Tit.4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C. § 1613(a)(2006); *see also Joseph v. People of the V.I.*, Criminal No. 05-13, 2008 WL 5663569 (D.C. App. Div. 2007) (explaining that this Court retained its appellate jurisdiction through the date of the certification of the Supreme Court of the Virgin Islands).

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 5

**B.    Standard of Review for a Declaratory Judgment**

According to the Declaratory Judgment Act, a declaratory judgment should "have a liberal interpretation." *Exxon Corp. v. Federal Trade Commission*, 588 F.2d 895, 900 (3d Cir. 1978). With this in mind, a reviewing court will analyze a grant for declaratory relief for abuse of discretion.[3] "[W]e will reverse a finding only if it is clearly erroneous. A district court's decision to grant declaratory relief will not be reversed in the absence of an abuse of discretion, and in making this determination we will exercise plenary review over a district court's conclusions of law." *Micro Signal Corp. v. Micro Signal Corp.*, No. 04-1148, 2005 WL 406421 (3d Cir. 2005).

### III.    ANALYSIS

Virgin Islands Code Title 28 Chapter 33 (the "Condominium Act") controls the formation, requirements and operation of condominiums in the Virgin Islands. Section 902 of Title 28 provides,

   Whenever the sole owner or sole lessee or all of the owners

---

[3] "An abuse of discretion arises when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). "Even if such abuse of discretion is found, reversal may be avoided if the error was harmless; a non-constitutional harmless error requires a high[ ] probability that the evidence did not contribute to the . . . judgment . . . ." *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 665 (D.V.I. App. Div. 2003) (quotations omitted) (alteration in original).

> or all of the lessees of a property expressly declare, through the execution and recordation of a master deed or lease, together with a declaration, which declaration shall set forth the particulars enumerated by section 910 of this title, his or their desire to submit the property to the regime established by this chapter, there shall thereby be established a horizontal property regime with respect to the property, and this chapter shall be applicable to the property. In the event that the master deed or lease is already recorded, the recordation of the declaration shall be deemed sufficient to achieve the same result.

V.I. Code Ann. tit. 28, § 902.

In compliance with section 902, the Association adopted a condominium declaration[4] which states,

> [the Declarant] . . . does hereby make, declare and establish on behalf of itself . . . for a horizontal property regime and plan of condominium ownership . . . pursuant to the provision of Chapter 33 Title 28, Virgin Islands Code, known as the 'Condominium Act of the Virgin Islands' and the provisions of said Act as they presently exist are hereby incorporated herein.

(App. Br. Ex. A).

The Association's declaration was recorded with the St. Thomas and St. John recorder of deeds on January 17, 1986. "By executing and recording this Declaration, the declarant submitted the [condominium] . . . to the provisions of the Condominium Act." *Pantheon Enterprises, Inc. v. Hotel on Cay Timesharing Ass'n, Inc.*, Civ. 553/1998, 1999 WL 744018 (V.I. Terr. Ct. Aug.

---

[4] V.I. Code Ann. tit. 28, § 901(j) defines a "Declaration" as "the instrument by which the property is submitted to the provisions of this chapter, as hereinafter provided, and such declaration as from time to time may be lawfully amended." V.I. Code Ann. tit. 28, § 901(j).

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 7

20, 1999); *see, e.g., Dunes S. Homeowners Ass'n, Inc. v. First Flight Builders, Inc.*, 459 S.E.2d 477, 479 ( N.C. 1995) ("By executing and recording a declaration of unit ownership, defendant submitted its condominium project to the provisions of Chapter 47A of the General Statutes.").

Frank, Drew, Cornell, Goodpaster, and Davitt argue that the Superior Court erred when it determined that the October 2005 election should have been tabulated using the one-unit one vote method. In support of this argument they contend that the V.I. Code Ann. tit. 28, § 910(6) mandates that the Association adopt a percentage voting system.

Their argument fails for several reasons. V.I. Code Ann. tit. 28, § 910(6) of the Condominium Act (the "Act") provides that "[t]he [condominium] declaration shall contain the following particulars ... (6) Value of the property and of each apartment, and the percentage of undivided interest in the common areas and facilities appertaining to each apartment and its owner for all purposes, including voting." V.I. Code Ann. tit. 28, § 910(6).

Indeed, section 910(6) of the Act makes clear that interest in common areas are to be determined on a percentage basis. However, based on the plain language of section 910(6), it does not directly mandate a percentage voting system. *Cf. Chevron,*

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 8

*U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, (1984) (stating that if the plain meaning of the statute is clear "that is the end of the matter.")  Voting is only mentioned three times in the entire statute, and there is no directive for percentage voting.

Moreover, section 906 of the Condominium Act states "[e]ach apartment owner shall comply strictly with the *bylaws* and the administrative rules and regulations adopted pursuant thereto . . . . Failure to comply with any of the same shall be grounds for an action to recover sums due for damages or injunctive relief . . . ."  V.I. Code Ann. tit. 28, § 906 (emphasis added).  V.I. Code Ann. tit. 28 § 917 also provides, in pertinent part, that "[t]he administration of every property shall be governed by bylaws a true copy of which shall be annexed to the declaration and made a part thereof. . . ."  V.I. Code Ann. tit. 28 § 917.  Based on this section, adherence to the bylaws is paramount.

Section 918 of title 28 delineates what provisions the bylaws may include.  Section 918 provides,

The bylaws may provide for the following:

> (a) The election from among the apartment owners of a Board of Directors, the number of persons constituting the same, and that the terms of at least one-third of the directors shall expire annually; the powers and duties of the Board; the compensation, if any, of the directors; the method of removal from office of

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 9

> directors; and whether or not the Board may engage the services of a manager or managing agent.
>
> . . .
>
> (c) Election of a President from among the Board of Directors who shall preside over the meetings of the Board of Directors and of the Association of Apartment Owners.(d) Election of a Secretary who shall keep the minute book wherein resolutions shall be recorded.(e) Election of a Treasurer who shall keep the financial records and books of account.

V.I. Code Ann. tit. 28 § 918.

Significantly, section 918 does not provide a directive as to what type of voting system a horizontal property regime like the Association must adopt.

In this case, the bylaws provide for a one unit one vote system. The bylaws specifically state, "[o]ne (1) vote shall be assigned to each Condominium Villa Unit, regardless of whether or not such Condominium Villa Unit is committed to interval ownership . . . . the vote assigned to Condominium Villa Units committed to interval ownership is divisible so that each Condominium Interval Unit shall be assigned 1/52 of the vote of the Condominium Villa Unit...." (App. Br. Ex. D at 48).

In *Bd. Of Dirs. of Shibui v. McGuire*, 16 V.I. 300, 302 (V.I. Terr. Ct. 1979), plaintiffs, the board of directors of a condominium association, sought a judgment for monetary charges assessed against the defendants. *Id.* The defendants

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 10

counterclaimed against the board of directors. The plaintiffs argued that because the board of directors was not a suable entity, the defendants' counterclaim was improper. *Id.* at 302. The Superior Court held that section 906 explicitly authorized a suit by any apartment owners to enforce the bylaws and administrative rules. *Id.* at 308.

Although *McGuire* does not involve the voting practices of a condominium association, it provided the Superior Court occasion to analyze V.I. Code Ann. tit. 28, § 906. Particularly relevant to this case, the Superior Court noted that "[t]he underlying assumption of § 906, and indeed the *entire* Condominium Act, is that the board will comply with the declaration and bylaws of the condominium association." *McGuire*, 16 V.I. at 309 (emphasis added). *McGuire* further opined that all apartment owners purchase units relying on the covenants and conditions contained in the declaration and bylaws of record and on the assumption that they will be enforced. *Id.* The Court finds that reasoning, as well as the plain meaning of section 910(6), and section 906 persuasive. The bylaws control in this case. They provide for one vote per unit.

Accordingly, the Superior Court did not abuse its discretion when it held that the Association's October 2005 election should

*Enrietto et al. v. Frank et al.*
D.C. Civ. App. No. 2006-212
Memorandum Opinion
Page 11

have been tabulated in a "one unit, one vote" manner rather than a percentage voting system.

### IV. CONCLUSION

For the foregoing reasons, we will affirm the Superior Court's declaratory judgment in favor of Enrietto and Farrell with respect to Count I of their complaint. An appropriate judgment follows.